Opinion by
White, P. J.
§ 138. Contributory negligence; general rule as to; duty of person to use care to prevent injury. Appellees brought this suit to recover the alleged value of corn shipped by *130 .them over appellants’ road from Eagle Lake, in Colorado ■county, to Waelder, in Gonzales county, and alleged to have been rendered worthless by delay in transportation. Verdict and judgment for appellees for the value of the corn as claimed. The facts are, substantially, that appellees bought three hundred and nineteen bushels of corn from a plantation five miles from Eagle Lake. They hired from appellants a box car in which to load the corn for shipment. The car was a good one, and secure against leakage from rain. The corn was hauled to the car in wagons, and, while being hauled, was rained upon. When it was loaded on the car it was so wet that appellee Davis and the vendor of the com selected two disinterested parties to weigh it, and estimate what would be a reasonable deduction to make from the weight because of its wet condition. On the first five loads which were hauled to the car a deduction was made of six pounds to the bushel, and on the six other loads the deduction made was fourteen pounds to the bushel, on account of the water that was in it. None of the railroad officials or employees had anything to do with receiving, handling or loading the corn into the' car for shipment. This was attended to by Davis, one of the owners, and the shipper of the corn, who was present and superintended the whole affair. The corn was loaded into the car as fast as the wagons hauling it arrived and it had been weighed. The loading commenced on Friday and continued during Saturday, and until about three o’clock Sunday morning, and at ten o’clock Sunday morning the car was locked and sealed by the railroad agent, who promised Davis that he would forward it as soon as he could. The agent testifies that he forwarded the car by train on Tuesday morning at five o’clock, which was the first opportunity he had to send it. And Lum, another railroad agent, testified that a car starting at five o’clock from Eagle Lake ought to get to Waelder during the afternoon of the same day. This car, however, did not arrive at Waelder till on *131 Thursday, at about eleven o’clock A. M., the delay, in part, being accounted for by an accident which happened the car at Borden, an intermediate station,— the draw-head of the car being broken. This accident, however, does not appear to have affected the car in any way as to its security against rain or weather. On Thursday, when the corn arrived at Waelder, and the car was opened by Davis and the parties to whom he had contracted to sell the corn, the heat and stench were so great and bad that they had to let the air circulate in the car before they could examine the corn. The car, top and sides, were covered with a white, filmy substance, as well as the corn, and the grains of the corn were swelled, and so soft that they could be mashed between the fingers. Key, a witness for plaintiff, and one of the parties who had contracted to buy some of the corn, says: “I declined to take the corn. I considered it worthless. The car appeared to be tight, and there wg,s no evidence of any leaks in the car. The corn Was damaged by being wet when loaded in the car.”
Upon contributory negligence, the charge of the court to the jury was: “If you believe, from the evidence, that the corn in question was in a worthless condition when shipped by plaintiff, and that the damage did not result from any lack of proper care and attention on the part of defendant, and that the car in which said corn was shipped was forwarded within a reasonable time to plaintiffs, then, in that event, the defendant, as a common carrier, was not in default, and you should find a verdict in favor of defendant.” This instruction was not a correct enunciation of the law of contributory negligence to the facts, and it limited the jury, in finding for the defendant, to the fact of the corn being worthless when shipped, and entirely omitted to call attention to the fact that, if plaintiffs had knowingly loaded the corn in a wet condition, and to submit to the jury, to be determined by them, how far this action of plaintiffs contributed to the loss complained of.
*132 Defendant, by a counter-instruction, endeavored to correct this charge as follows: “If the jury believe, from the evidence, that plaintiffs had control of the loading of the car in which this corn was shipped, and that they loaded said com in the car themselves while it was wet and in a condition to be damaged by being bulked in the car, then the defendant would not be responsible for damages occasioned thereby; and if the jury believe, from the evidence, that the corn became damaged because of its having been loaded in the car by plaintiffs while wet and in a condition to be damaged thereby, you will find for defendant.” This instruction, which was correct as law, and directly pertinent to the main issue made by the facts, was refused by the court.
It is a general rule that, “in all cases where a person seeks to recover of another by reason of that other’s negligence, it is a full and ample defense to the action to show that plaintiff was himself guilty of negligence that contributed to the injury. This is upon the principle that a person cannot profit by his own wrong, even though the person sought to be charged with the consequences was equally or even more in the wrong than the plaintiff.....The rule may be said to be, that a person cannot recover for an injury received by reason of the negligence of another, if his own want of care directly contributed to the injury; for where one rushes upon danger which might have been avoided by the exercise of ordinary care upon his part, he cannot complain because others have failed to exercise a greater degree of care than he did.” [6 Wait’s Act. & Def. p. 583; R. R. Co. v. Le Gierse, 51 Tex. 202. ] “It is' the duty of a person to use ordinary care and reasonable means to prevent an injury, and the consequences of it, and he can only recover damages for such losses as could not, by such care and means, be avoided; and if a party, in any material manner, contributed to the injury received, he cannot recover for such losses as result from his own and another’s fault.” [W. & W. Con. Rep. §§ 131, 417, 860.]
*133 March 12, 1884.
Because the court erred in not charging the law correctly, as applicable to the facts of the case, the judgment is reversed and cause remanded.
Reversed and remanded.